Robert Evans MAHLER,
Plaintiff—Appellee,

v.

William GATTEN, Defendant—Appellant,

and

United States of America; Twenty John Does, individually and as agents of the Sheridan Federal Correctional Institution, Defendants.

No. 01–35365.

D.C. No. CV–97–01457–KI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2002.

Decided May 10, 2002.

---

9. *Gill,* 280 F.3d at 931 (citations omitted).

**416**

Before B. FLETCHER,
O'SCANNLAIN and BERZON, Circuit
Judges.

MEMORANDUM *

Robert Mahler sued William Gatten, a correctional counselor at the Federal Prison Camp (FPC) in Sheridan, Oregon, over Eighth Amendment violations he alleges he suffered while incarcerated at FPC. Gatten filed a motion for summary judgment in district court on grounds of quali-

* This disposition is not appropriate for publication and may not be cited to or by the courts

fied immunity. The district court denied the motion. We affirm. Because the parties are familiar with the facts, we recite them only as necessary to explain our decision.

In this appeal, Gatten provisionally concedes, as he must for this court to have jurisdiction, Mahler's version of the facts. *See Jeffers v. Gomez,* 267 F.3d 895, 903 (9th Cir.2001); *Knox v. Southwest Airlines,* 124 F.3d 1103, 1108 (9th Cir.1997). The question properly before us, then, is whether, after drawing all reasonable factual inferences in favor of Mahler, qualified immunity was appropriately denied.

■ In evaluating a claim of qualified immunity, we first ask whether the facts alleged show the officer's conduct violated a constitutional right. ·A constitutional violation would exist in this case if 1) Mahler's medical need was a "serious need" and 2) Gatten responded to that need with "deliberate indifference." We find a "serious medical need" if "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1992) (quotation omitted), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir.1997) (en banc)). *McGuckin* offered three examples of "indications that a prisoner has a serious need for medical treatment": "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id* at 1059–60 (internal citation and quotation marks omitted).

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Drawing all reasonable inferences from the record most favorably to Mahler, Mahler's situation fits within these examples. Dr. Peel found Mahler's need for a first floor accommodation to be "worthy of comment or treatment," hence his written request. The reports from all three doctors who examined Mahler state that the stair-climbing increased his chronic, substantial pain. There was also some evidence that the stair-climbing could have advanced in time (although it did not cause) the need for corrective surgery.

According to *Farmer v. Brennan,* 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), "deliberate indifference" to such a serious medical need exists "if [the officer] knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." The deliberate indifference standard "is less stringent in cases involving a prisoner's medical needs than in other cases involving harm to incarcerated individuals because 'the State's responsibility to provide inmates with medical care ordinarily does not conflict with competing administrative concerns.'" *McGuckin,* 974 F.2d at 1060 (*quoting Hudson v. McMillian,* 503 U.S. 1, 6, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).

*Farmer*'s articulation of the standard requires that the official know that the inmate faces "a substantial risk of serious harm." *Farmer,* 511 U.S. at 842, 114 S.Ct. 1970. The facts according to Mahler are that Gatten received five requests from Mahler, and one from Dr. Peel, to move Mahler to the first floor because of his severe joint disease and the resulting pain. To receive those requests and ignore them entirely would constitute deliberate indifference to Mahler's medical needs.

Gatten's primary argument to the contrary is that the decision whether or not to move a prisoner is ordinarily a matter within Gatten's discretion. The district court did rule that making decisions regarding movement of prisoners is a "discretionary function," but that ruling was specific to the tort cause of action for negligence under the Federal Tort Claims Act, not at issue in this appeal. 42 U.S.C. § 5148. The FTCA discretionary function concept has no pertinence to the question whether Gatten violated Mahler's *constitutional* rights by deliberately failing to move him despite his serious medical needs.

That Dr. Peel made a request rather than issue an order does not detract from the possibility of finding, on this record, the requisite deliberate indifference. Dr. Peel testified that there was nothing he could fill out that constituted an "order," because prison administrators had the final call. In any event, the question under *Farmer* is not whether Gatten disobeyed an order, but whether he knew of a serious medical need that he could have ameliorated but chose to ignore. Viewing the facts most favorably to Mahler, Gatten did.

Gatten points out that Mahler was assigned to a different correctional counselor on October 8, 1995, 16 days after Gatten allegedly received Dr. Peel's request. According to Mahler, however, Gatten was deliberately indifferent to Mahler's medical condition before as well as after Dr. Peel's request. Mahler's condition and pain were apparent, and known to Gatten, and Mahler had made several requests to be moved before he went to see Dr. Peel.

■ Having ascertained that the record read favorably to Mahler demonstrates violation of a constitutional right, we must decide whether the "contours" of the right are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz,* 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (citation omitted).

It is critical to this inquiry that Gatten has advanced no reason whatever for denying the request that Mahler be housed on the first floor—no security or competing resources basis, for example. To refuse *for no reason*—or not to consider at all—requests from a doctor and a prisoner to alleviate to some degree a prisoner's serious medical condition and thereby permit the exacerbation of the prisoner's injury or the wanton infliction of pain demonstrates deliberate indifference to medical needs. A reasonable official after *Farmer* would have so understood the law.

We recognize that the absence of any explanation for Gatten's lack of response to Mahler's and Peel's requests may well reflect Gatten's basic factual contention in the underlying case—that he never received the requests. For present purposes, however, we must assume otherwise. We deny the present appeal and remand so that the factual disputes in this case can be resolved.

AFFIRMED.